UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

CONNIE ROBBINS, as Personal
Representative of the Estate of Alyssa
Drazen, deceased,

          Plaintiff,

-vs-                                        Case No. 5:09-cv-287-Oc-10GRJ

GENERAL MOTORS DE MEXICO, S. DE
R.L. DE CV.,

          Defendant.
_____

## **O R D E R**

This diversity jurisdiction wrongful death action is before the Court for consideration of Defendant, General Motors De Mexico, S. DE R.L. DE CV.'s ("GM Mexico") Motion to Dismiss or, In the Alternative, Motion to Stay (Doc. 15). Plaintiff Connie Robbins, as Personal Representative of the Estate of Alyssa Drazen, deceased, has filed a response in opposition (Doc. 18), and GM Mexico has filed a reply (Doc. 21). For the reasons discussed in this Order, the Court concludes that the motion is due to be denied.

### **Factual Background**

According to the facts alleged in the Complaint (Doc. 1), GM Mexico manufactures vehicles in Mexico which are then shipped to Florida for sale. GM Mexico was the

manufacturer and assembler of a 2004 Chevrolet Suburban, VIN number 3GNFK16Z74G144671 ("the Suburban").[1]

On July 1, 2007, Alyssa Drazen, a resident of Lake County, Florida, was the right front passenger of the Suburban while traveling in Lake County.  The Suburban went out of control, the right front door area struck a portion of a fence line adjacent to the roadway, and the vehicle rolled over.  Ms. Drazen was wearing her seat belt, however, none of the front air bags deployed.  The Suburban also was not equipped with side impact air bags for the right front passenger, side curtain air bags, or a rollover air bag system.  As a result of the accident, Ms. Drazen died on July 5, 2007.

On June 25, 2009, the Plaintiff, in her role as personal representative of the Estate of Ms. Drazen, filed suit in this Court against GM Mexico, alleging under Florida's wrongful death statute claims of strict liability and negligence (Doc. 1).  These claims arise out of the July 1, 2007 car accident and relate to the alleged absence of any side impact air bags, side curtain air bags, and/or a rollover air bag system in the Suburban.

Approximately six (6) weeks earlier, on May 13, 2009, the Plaintiff filed a lawsuit in the Circuit Court of the Fifth Judicial Circuit, in and for Lake County, Florida, captioned <u>Connie Robbins, as Personal Representative of the Estate of Alyssa Drazen, Deceased v. General Motors Corp., Roger Holler Chevrolet Co., and Classic Chevrolet Co.</u>, Case No.

---

[1] There appears to be no dispute that personal jurisdiction over GM Mexico exists in this case.

09CA2832 ("the state court case").[2]  In the state court case, the Plaintiff alleges claims under Florida's wrongful death statute for strict liability and negligence against all three defendants, and for breach of express and implied warranty against Holler Chevrolet Co. (Doc. 15-1).  The claims all arise out of the same July 1, 2007 automobile accident, and all relate to the alleged absence of any side impart air bags, side curtain air bags, and/or a rollover air bag system in the Suburban.[3]

A review of the complaints in the state court case and the present action show that the negligence and strict liability claims are virtually identical, and that the Plaintiff seeks the same categories of damages in both cases.  See Doc. 1, Doc. 15-1.  However, while litigation has been proceeding in the state court case since May 2009, the Plaintiff did not effect service of process on GM Mexico in this case until January 31, 2011 (Doc. 17).

## Discussion

GM Mexico argues that this case should be dismissed without prejudice, or in the alternative stayed pending the outcome of the state court case because the Plaintiff has engaged in impermissible claim splitting.  Florida recognizes the rule against splitting causes of action as "an aspect of the doctrine of res judicata."  Tyson v. Viacom, Inc., 890

---

[2] The two dealerships were involved in the distribution of the Suburban and General Motors Corp. was the designer of the car.

[3] The Plaintiff contends that GM Mexico has impermissibly, and prematurely, converted its motion to dismiss into a motion for summary judgment by virtue of its attaching copies of the state court complaints to its motion to dismiss.  The Court may take judicial notice of such documents without converting a motion to dismiss into a motion for summary judgment.  See Horne v. Potter, 392 Fed. Appx. 800, 802 (11th Cir. Aug. 16, 2010); Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1278 (11th Cir. 1999).

So. 2d 1205, 1210 (Fla. 4th DCA 2005) (quoting Froman v. Kirland, 753 So. 2d 114, 116 (Fla. 4th DCA 1999)).  "[A]s a general rule the law mandatorily requires that all damages sustained or accruing to one as a result of a single wrongful act must be claimed and recovered in one action or not at all." Id. (internal citations omitted).  Stated differently, "[t]he rule against splitting causes of action makes it incumbent upon plaintiffs to raise all available claims involving the same circumstances in one action." Dept. of Agric. & Consumer Servs. v. Mid-Florida Growers, 570 So. 2d 892, 901 (Fla. 1990).

Federal courts also recognize a prohibition against splitting of claims relating to the same transaction or occurrence.  That doctrine "reflects that a district court, as part of its general power to administer its docket, has the authority to stay or dismiss a suit that is duplicative of another case then pending in federal court." Zephyr Aviation III, L.L.C. v. Keytech Limited, No. 8:07-CV-227-T-27TGW, 2008 WL 759095 at * 6 (M.D. Fla. Mar. 20, 2008) (quoting Curtis v. Citibank, N.A., 226 F.3d 133, 138 (2d Cir. 2000) (internal citations omitted)).  "Courts borrow the test for claim preclusion and consider whether to bar the second suit if it involves 'the same parties or their privies' and 'arises out of the same transaction or series of transactions' as the first suit." Id. at * 1, n. 4 (citing Cadle Co. v. Whataburger of Alice, Inc., 174 F.3d 599 (5th Cir. 1999)).

GM Mexico points to the fact that the claims for negligence and strict liability in both the state court case and this action are largely identical and seek the same categories of damages.  Moreover, GM Mexico notes that the claims in both cases arise out of the same July 1, 2007 accident and focus on the same alleged deficiencies in the Suburban.

Critical to the case, however, is the fact that the parties in both causes of action are not identical. GM Mexico has not submitted – and the Court has not found – any Florida decision or federal court decision in Florida which applied the prohibition against claim splitting to cases involving different defendants. To the contrary, every decision cited by GM Mexico involved cases where the defendants were the same (or at least in privity with each other). See Mid-Florida Growers, 570 So. 2d at 901; Curtis v. Citibank, N.A., 226 F.3d 133, 138-39 (2d Cir. 2000); Greene v. H&R Block Eastern Enterprises, Inc., 727 F. Supp.2d 1363 (S.D. Fla. 2010); Kelecseny v. Chevron, U.S.A., Inc., 262 F.R.D. 660, 672-73 (S.D. Fla. 2009); Single Chip Systems Corp. v. Intermec IP Corp., 495 F. Supp.2d 1052, 1058 (S.D. Cal. 2007). See also Hartsel Springs Ranch of Colorado, Inc. v. Bluegreen Corp., 296 F.3d 982 (10th Cir. 2002) (where no privity between subsidiary and parent corporation the doctrine of claim splitting does not apply). Moreover, while Florida law may be silent on mutuality of parties, the federal claim splitting doctrine clearly requires identity of parties – and in particular identity of defendants. See Greene, 727 F. Supp. 2d at 1367-68; Zephry Aviation, 2008 WL 759095 at * 1, n. 4 and * 3.

While GM Mexico argues otherwise, it is clear that identity of parties is a crucial element of the claim splitting doctrine. In defining this doctrine, the Florida Supreme Court made clear that it focuses on the splitting of damages and claims brought against one defendant:

> The law does not permit the owner of a single or entire cause of action or an entire indivisible demand to divide or split that cause of action so as to make it the subject of several actions, without

>> the consent of <u>the defendant</u>. All damages sustained or accruing to one as a result of a single wrongful act must be claimed or recovered in one action or not at all. The law presumes that a single cause of action can be tried and determined in one suit, and will not permit the plaintiff to maintain more than one action <u>against the same party</u> for the same cause. This rule is founded on the plainest and most substantial justice – namely, that litigation should have an end, and that <u>no person</u> should be unnecessarily harassed with a multiplicity of suits. . . .

<u>Mims v. Reid</u>, 98 So. 2d 498, 500-01 (Fla. 1957) (emphasis added).

The situation defined in <u>Mims</u>, and found in all cases applying the claim splitting doctrine in Florida, does not exist here. The defendants in the state court case and the case before this Court are not identical, and GM Mexico has made no argument that it is in privity with any of the state court defendants. Moreover, there is nothing to suggest that the Plaintiff has attempted to split her damages claims into separate causes of action. Rather, the damages claims in both the state court case and this care are identical. They are simply asserted against different defendants.[4] As such, the Court finds that claim splitting does not bar the Plaintiff's case.

The Court acknowledges that by denying GM Mexico's motion, two cases involving the same operative facts are proceeding to judgment in different forums, with the real

---

[4] The only case which supports GM Mexico's position is <u>West v. Kawasaki Motors Mfg. Corp., U.S.A.</u>, 595 So. 2d 92 (Fla. 3rd DCA 1992). In <u>West</u>, a Florida court held that res judicata would bar a subsequent products liability lawsuit against a manufacturer of a motorcycle, where the plaintiff previously and unsuccessfully sued the wholesale distributor of the motorcycle based on the same underlying facts. However, <u>West</u> deals with the doctrine of res judicata only – it does not involve claim splitting – and as GM Mexico admits, the case before this Court does not at present involve res judicata. <u>See</u> <u>Tyson</u>, 890 So. 2d at 1211 ("Because the rule against splitting causes of action is only an aspect of res judicata, it logically follows that if res judicata is not a bar to the bringing of a claim, impermissible splitting of causes of action is not either.").

possibility of conflicting results. The Parties are thus left with a situation in which the law permits a race to judgment; and this Order should not be interpreted as making any ruling on the application of res judicata and/or claims preclusion at some future point in time. See West v. Kawasaki Motors Mfg. Corp., 595 So. 2d 92, 98 (Fla. 3rd DCA 1992).

## Conclusion

Accordingly, upon due consideration, Defendant, General Motors De Mexico, S. DE R.L. DE CV.'s Motion to Dismiss or, In the Alternative, Motion to Stay (Doc. 15) is DENIED.

IT IS SO ORDERED.

DONE and ORDERED at Ocala, Florida this 16th day of September, 2011.

*[signature]*

UNITED STATES DISTRICT JUDGE

Copies to:   Counsel of Record